# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LITTLE G. STONE, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-MI-00167-ELR |
| | * | |
| OLIVIA C. FISHER, | * | |
| | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| LITTLE G. STONE, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-MI-00168-ELR |
| | * | |
| JUDGE MICHAEL T. GARRETT, | * | |
| State Court of Clayton County, | * | |
| | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| LITTLE G. STONE, III, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-MI-00188-ELR |
| | * | |
| JUDGE LENNARD, | * | |
| | * | |
| Defendant. | * | |

| LITTLE G. STONE, III, | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:20-MI-00014-ELR |
| | * | |
| CHIEF JONES, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

| LITTLE G. STONE, III, | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:20-MI-00017-ELR |
| | * | |
| INTERNAL AFFAIRS, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

| LITTLE G. STONE, III, | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:20-MI-00018-ELR |
| | * | |
| INTERNAL AFFAIRS COMMANDER, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

| LITTLE G. STONE, III, | * |
| --- | --- |
| | * |
| Plaintiff, | * |
| | * |

|                          |   |                    |
|--------------------------|---|--------------------|
| v.                       | * | 1:20-MI-00019-ELR  |
| INTERNAL AFFAIRS,        | * |                    |
| Defendant.               | * |                    |

---

|                          |   |                    |
|--------------------------|---|--------------------|
| LITTLE G. STONE, III,    | * |                    |
| Plaintiff,               | * |                    |
| v.                       | * | 1:20-MI-00020-ELR  |
| LEE AARON,               | * |                    |
| Defendant.               | * |                    |

---

|                          |   |                    |
|--------------------------|---|--------------------|
| LITTLE G. STONE, III,    | * |                    |
| Plaintiff,               | * |                    |
| v.                       | * | 1:20-MI-00022-ELR  |
| SANDRA HEATH TAYLOR,     | * |                    |
| Defendant.               | * |                    |

---

|                          |   |                    |
|--------------------------|---|--------------------|
| LITTLE G. STONE, III,    | * |                    |
| Plaintiff,               | * |                    |
| v.                       | * | 1:20-MI-00023-ELR  |
| INTERNAL AFFAIRS,<br>*et al.*, | * |              |

|                          | * |                    |
|                          | * |                    |
| Defendants.              | * |                    |
|                          | * |                    |

---

| LITTLE G. STONE, III,    | * |                    |
|                          | * |                    |
| Plaintiff,               | * |                    |
|                          | * |                    |
| v.                       | * | 1:20-MI-00025-ELR  |
|                          | * |                    |
| SGT. CEDENO,             | * |                    |
| *et al.*,                | * |                    |
|                          | * |                    |
| Defendants.              | * |                    |
|                          | * |                    |

---

| LITTLE G. STONE, III,    | * |                    |
|                          | * |                    |
| Plaintiff,               | * |                    |
|                          | * |                    |
| v.                       | * | 1:20-MI-00026-ELR  |
|                          | * |                    |
| INTERNAL AFFAIRS,        | * |                    |
| *et al.*,                | * |                    |
|                          | * |                    |
| Defendants.              | * |                    |
|                          | * |                    |

---

| LITTLE G. STONE, III,    | * |                    |
|                          | * |                    |
| Plaintiff,               | * |                    |
|                          | * |                    |
| v.                       | * | 1:20-MI-00027-ELR  |
|                          | * |                    |
| MARK L. DEGENNARO,       | * |                    |
| *et al.*,                | * |                    |
|                          | * |                    |
| Defendants.              | * |                    |
|                          | * |                    |

| | |
|---|---|
| LITTLE G. STONE, III, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  1:20-MI-00028-ELR |
| | * |
| CAPTAIN ADRIANA CHRISTOPHER, | * |
| *Internal Affairs Commander*, | * |
| | * |
| Defendant. | * |
| | * |

# O R D E R

Plaintiff Little G. Stone III, proceeding *pro se,* seeks leave to file these civil actions *in forma pauperis* without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). Pursuant to an October 24, 2019 Order in <u>Stone v. Dixon</u>, Civil Action No. 1:19-CV-04695-ELR (N.D. Ga. Oct. 24, 2019), Plaintiff Little G. Stone III is prohibited from filing any motion, pleading, or paper in any matter before the District Court for the Northern District of Georgia unless he is represented by counsel or first obtains leave of the court. Accordingly, these Applications for Leave to Proceed *in forma pauperis* are before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review, the Court finds Plaintiff's Complaints frivolous and, therefore, Plaintiff's Applications for Leave to Proceed *in forma pauperis* must be declined.

## I. Legal Standard

A complaint is frivolous when it is "based on an indisputably meritless legal theory, [the complaint] relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional, or the facts alleged rise to the level of the irrational or the wholly incredible." Gary v. U.S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013).

A complaint fails to state a claim when it lacks "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In other words, a plaintiff must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

As is relevant here, complaints pleaded *pro se* are "held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation and internal quotation marks omitted). The Court "must look beyond the labels of filings by *pro se* plaintiffs to interpret them under whatever statute would provide relief." Wilkerson v. Georgia, 618 F. App'x 610, 611 (11th Cir. 2015) (alterations omitted). However, the Court cannot rewrite a deficient pleading, and *pro se* plaintiffs are required to

comply with the threshold requirements of the Federal Rules of Civil Procedure. Lizana-Jackson v. U.S. Dep't of the Treasury, No. 1:13-CV-3815-AT, 2013 WL 7118115, at *2 (N.D. Ga. Nov. 25, 2013).

## II. Discussion

In the various Complaints, Plaintiff names the following parties as Defendants: Olivia C. Fisher; Judge Michael T. Garrett of the State Court of Clayton County; Judge Lennard; Chief Jones; Internal Affairs; Internal Affairs Commander; Sergeant Cedeno; Officer Garner; Olivia G. Fisher; Union City Police Department; Mark L. DeGennaro; Willis McKeori LLP; and Captain Adriana Christopher.

After review, the Court finds Plaintiff's Complaints frivolous. Plaintiff's Complaints contain no more than conclusory statements and immaterial facts that are not clearly connected to a particular cause of action. Furthermore, Plaintiff's Complaints do not provide Defendants with fair notice of what the claim is and the grounds upon which it rests. Such shotgun pleadings are insufficient. Therefore, Plaintiff's Applications for Leave to Proceed *in in forma pauperis* must be declined.

Furthermore, due to Plaintiff's vexatious and litigious nature[1], the Court finds it necessary to impose a frivolity bond. The Court's imposition of a filing bond is an

---

[1] See e.g., Stone v. Hewitt et al., No. 1:19-cv-03695-ELR (N.D. Ga. Filed Aug. 16, 2019) (dismissed as frivolous); Stone v. Hightower, No. 1:19-cv-04493-ELR (N.D. Ga. Filed Sep. 30, 2019) (dismissed as frivolous); Stone v. McKenzie et al., No. 3:19-cv-00113-TCB (N.D. Ga. Filed Oct. 17, 2019) (dismissed as frivolous); Stone v. Fuller, No. 1:19-cv-04703-ELR (N.D. Ga. Filed Oct. 21, 2019) (dismissed as frivolous); Stone v. Ross, No. 1:19-cv-04704-ELR (N.D. Ga. Filed Oct. 21, 2019) (dismissed as frivolous).

appropriate mechanism for reining in an IFP litigant who overburdens the Court with an unending stream of frivolous litigation. See, e.g., Holden v. Simpson Paper Co., 48 F. App'x 917, *3–5 (5th Cir. 2002) (courts may sanction litigants for repeatedly filing frivolous suits and demand that the payment be posted prior to instituting a new lawsuit); Gelbert v. Lynaugh, 894 F.2d 746, 748 (5th Cir. 1990) (imposition of a $10 "sanction" prior to filing a second suit was permissible even if the plaintiff is too poor to pay it; "[l]ike every other pastime, recreational litigation has its price"); but see Cotner v. Hopkins, 795 F.2d 900, 903 (10th Cir. 1986) (a court may not impose sanctions that the litigant cannot pay and would result in a total preclusion from filing further suits). The rationale is clear: The public should not be forced to absorb the cost of an individual's unchecked clogging of the judicial system with vexatious and frivolous pleadings.

### III. Conclusion

For the foregoing reasons, the Court **DECLINES** Plaintiff's Applications for Leave to Proceed *in forma pauperis* and **DIRECTS** the Clerk to close the following Complaints: 1:19-MI-00167-ELR; 1:19-MI-00168-ELR; 1:19-MI-00188-ELR; 1:20-MI-00014; 1:20-MI-00017-ELR; 1:20-MI-00018-ELR; 1:20-MI-00019-ELR; 1:20-MI-00020-ELR; 1:20-MI-00022-ELR; 1:20-MI-00023-ELR; 1:20-MI-00025-ELR; 1:20-MI-00026-ELR; 1:20-MI-00027-ELR; 1:20-MI-00028.

It is further **ORDERED** that Plaintiff is barred from filing any additional lawsuits for a period of twelve months until he first posts a $250 frivolity bond, from which the Court will subtract $250 for the next frivolous lawsuit that he files. Patterson v. Lock, No. CV409-159, 2009 WL 4506600, at *1 & n.5 (S.D. Ga. Dec. 3, 2009), adopted at *1 (citation omitted). If this procedure does not prevent plaintiff from filing frivolous lawsuits, alternative remedies may be implemented.

SO **ORDERED**, this 24th day of February 2020.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia